JAY H. SCHMIDT, Plaintiff-Appellee, *v.* SIEGAL* TRADING CO., INC., Defendant-Appellant.

First District (4th Division)    No. 78-870

Opinion filed May 17, 1979.

---

* The record on appeal as well as the pleadings filed in the trial court list defendant's name as Siegal. However, the parties in their briefs spell it Siegel. We will use the former spelling in this opinion.

Max & Herman Chill, P.C., of Chicago (Max Chill, Herman Chill, and Donald B. Garvey, of counsel), for appellant.

Gene K. Edlin, Ltd., of Chicago (Gene K. Edlin, of counsel), for appellee.

Mr. JUSTICE LINN delivered the opinion of the court:

On December 31, 1973, plaintiff, Jay H. Schmidt (Schmidt), filed an action in the Circuit Court of Cook County against defendant, Siegal Trading Co. (Siegal). On January 19, 1976, the case was dismissed for want of prosecution.

On January 18, 1978, one year and 364 days later, Schmidt filed a section 72 petition (Ill. Rev. Stat. 1977, ch. 110, par. 72) to vacate the dismissal order. The petition was granted. Siegal appeals, contending the trial court improperly exercised its discretion in granting section 72 relief.

We reverse the trial court.

Schmidt maintained an account with Siegal for the purpose of

trading commodities futures contracts. On December 31, 1973, Schmidt filed a three-count complaint against Siegal alleging, *inter alia*, that Siegal's account representative, Jack Savage, had handled Schmidt's account and had engaged in unauthorized trading. On July 17, 1974, the trial court struck counts one and three and dismissed count two of Schmidt's complaint. Schmidt was given 28 days to file an amended complaint.

On September 4, 1974, Siegal moved to dismiss the action when an amended complaint was not forthcoming. The trial court denied the motion and allowed Schmidt to file his amended complaint on September 24, 1974. On October 29, 1974, Siegal filed an answer and an affirmative defense.

From October 1974 through January 1976, literally no form of discovery was undertaken by Schmidt. On January 19, 1976, the trial court dismissed the action for want of prosecution when Schmidt failed to appear in court for trial. Within 30 days thereafter, Schmidt filed a motion under section 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 68.3) to vacate the order of dismissal. A hearing was set for February 26, 1976. When Schmidt failed to appear at the hearing the motion to vacate was stricken.

On January 18, 1978, Schmidt filed a section 72 petition (Ill. Rev. Stat. 1977, ch. 110, par. 72) to vacate the January 19, 1976, order dismissing the case for want of prosecution. This section 72 petition provides in pertinent part:

"2. At the time of * * * [the] dismissal [for want of prosecution] it appeared to be of no avail to vacate said Order, since certain files essential to proof of the plaintiff's suit had seemingly been lost, and accordingly no Motion to vacate said Order was prosecuted.

3. Recently the missing documents were found in the process of clearing of some warehouse files of a former attorney of the Petitioner.

4. Had the missing documents been available earlier, this Petition would have been filed, but there was no reason to file what your Petitioner believes would otherwise have been a useless Petition if the suit in chief was not susceptible of prosecution."

Siegal requested that the section 72 petition be either stricken as legally insufficient or denied for want of equity.

Schmidt subsequently filed the following affidavit in support of his petition.

"1. My name is VICTOR CIARDELLI. I am an attorney duly licensed to practice law in the State of Illinois, and presently maintain law offices at 180 N. LaSalle Street, Chicago, Illinois.

2. Prior to the filing of the above captioned suit, I had represented

DR. JAY H. SCHMIDT, the plaintiff, in certain other legal matters relating to the dealings between him and the Defendant and its agents, and in the course of that representation I had obtained certain files of the Plaintiff.

3. Prior to the filing of the above captioned suit, the matter in which I had been representing DR. SCHMIDT was closed, and the files were sent to a warehouse.

4. Without fault of the undersigned or of DR. SCHMIDT, the files were misfiled in the warehouse, and diligent search did not locate them until January 1978.

5. JAY SCHMIDT had on many occasions requested me to find and deliver to him the files, but because of the matters set forth above that was not possible.

6. In my opinion the files were relevant and necessary to successful prosecution of the above captioned suit."

Following the presentation of arguments of counsel, the trial court granted Schmidt's petition for section 72 relief. Siegal appeals.

Opinion

■■ Section 72 provides a procedure whereby final orders, judgments and decrees may be vacated "after thirty days from the entry thereof * * *." (Ill. Rev. Stat. 1977, ch. 110, par. 72). As we stated recently in *Mitchell v. Seidler* (1979), 68 Ill. App. 3d 478, 482, 386 N.E.2d 284, 286:

"To warrant such relief the petitioner must demonstrate:

(1) the existence of a meritorious defense or claim (*David Plywood & Lumber Co. v. Sloan* (1977), 52 Ill. App. 3d 71, 367 N.E.2d 101; *Lammert v. Lammert Industries, Inc.* (1977), 46 Ill. App. 3d 667, 360 N.E.2d 1355);

(2) due diligence in presenting this defense or claim in the original action (*Hogan & Farwell, Inc. v. Meitz* (1976), 45 Ill. App. 3d 216, 359 N.E.2d 740;

(3) that through no fault or negligence of his own an error of fact or a valid defense or claim was not made to appear to the trial court at the time the challenged judgment, order or decree was entered (*Brunswick v. Mandel* (1974), 59 Ill. 2d 502, 322 N.E.2d 25); and

(4) due diligence in filing the petition for section 72 relief (*Diacou v. Palos State Bank* (1976), 65 Ill. 2d 304, 357 N.E.2d 518; *Department of Public Works & Buildings v. O'Hare International Bank* (1976), 44 Ill. App. 3d 934, 358 N.E.2d 1308)."

The petitioner must set forth specific factual allegations supporting each of the above elements. *Fennema v. Vander Aa* (1969), 42 Ill. 2d 309, 247

N.E.2d 409; *Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 236 N.E.2d 719.

Siegal contends that Schmidt's petition and supporting affidavit are insufficient, as a matter of law, to support the relief requested. We agree. ■■ Schmidt's section 72 petition centers around the allegation that the loss of "certain" essential files precluded the successful prosecution of his original suit. However, these documents are *not* identified in either the petition or supporting affidavit, and it is not explained how these documents are essential to Schmidt's cause of action against Siegal. In the absence of any pleaded facts identifying the documents and explaining their relationship to the case, the section 72 petition is insufficient on its face. See *Lilly v. County of Cook* (1978), 60 Ill. App. 3d 573, 377 N.E.2d 136.

■■ Furthermore, the section 72 petition fails to demonstrate that Schmidt exercised the requisite due diligence. From October 1974 through January 1976, Schmidt made literally no attempt to ascertain whether the documents he was missing were possessed by Siegal and could be obtained through discovery. Obviously, we can not speculate whether such a discovery attempt would have proved useful or successful, however, we can say that, in the exercise of due diligence, such an attempt should have been made.

Since Schmidt has failed to demonstrate any basis for section 72 relief, we conclude that the trial court should not have granted Schmidt's petition to vacate. *Diacou v. Palos State Bank* (1976), 65 Ill. 2d 304, 357 N.E.2d 518.

Accordingly, for the reasons stated, the judgment of the trial court is reversed.

Reversed.

JIGANTI, P. J., and ROMITI, J., concur.