NICHOLAS G. DASSION *et al.*, Plaintiffs-Appellants, v. WILLIAM E. HO-
MAN *et al.*, Defendants-Appellees.

Second District   No. 2—86—1176

Opinion filed September 24, 1987.

Robert P. Sheridan, of Robert A. Clifford & Associates, of Chicago, for appellants.

Richard A. O'Leary and Jan W. Poris, both of Wheaton, for appellees.

JUSTICE INGLIS delivered the opinion of the court:

Plaintiffs, Nicholas G. Dassion and Deborah A. Dassion (Dassions), appeal from an order of the circuit court denying their petition for post-judgment relief brought against defendants, William E. Homan, Lucille J. Homan, Wanda Luka, Century 21, and Brady Real Estate, a/k/a Century Citadel, pursuant to section 2—1401 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401), which sought relief from an order of voluntary dismissal without prejudice entered pursuant to section 2—1009 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009). On appeal, plaintiffs contend

that the circuit court abused its discretion in denying plaintiffs' petition for post-judgment relief by failing to consider fraudulent representations their former and original attorney in the case (original attorney) made to them.

On May 8, 1977, plaintiffs purchased from defendants a residential lot located in West Chicago, Illinois. On February 26, 1982, plaintiffs filed a complaint in the circuit court of Du Page County alleging that defendants made fraudulent representations concerning the contamination of the property by radioactive waste in order to procure its sale.

On April 6, 1984, three days before trial, the circuit court granted defendants' motion *in limine* to restrict plaintiffs from introducing medical testimony or seeking medical damages due to plaintiffs' failure to comply with a discovery order. On the day set for trial, April 9, 1984, the circuit court granted plaintiffs' motion for voluntary dismissal without prejudice pursuant to section 2—1009 of the Code.

On April 19, 1985, plaintiffs refiled their complaint. This filing was untimely under section 13—217 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 13—217), which requires that commencement of an action after voluntary dismissal be within one year from the date of dismissal. Thereafter, plaintiffs' original attorney withdrew from the case, and plaintiffs retained their current counsel, who obtained a voluntary dismissal of the newly filed complaint. On April 8, 1986, one day before expiration of the two-year statutory time period for filing section 2—1401 motions, plaintiffs petitioned the circuit court for post-judgment relief from the order granting voluntary dismissal without prejudice entered on April 9, 1984.

The plaintiffs' motion for post-judgment relief alleged, *inter alia,* (1) that their original attorney fraudulently induced plaintiffs to dismiss their complaint; (2) that plaintiffs had a meritorious claim; and (3) that plaintiffs acted diligently at all times in the pursuit of their claim. The circuit court held an evidentiary hearing on plaintiffs' petition.

At the evidentiary hearing, Mr. Dassion stated that he supplied the original attorney with medical information from several sources which supported Dassion's cause of action. Mr. Dassion further testified that their original attorney stated that he was not diligent in submitting Mr. Dassion's medical testimony to the circuit court in accordance with an agreed discovery order. After failing to get the medical evidence admitted, the original attorney told Mr. Dassion that plaintiffs' case was worthless and that the case should be dis-

missed and refiled. In reliance on the original attorney's representations, Mr. Dassion testified that he consented to a voluntary dismissal.

Mr. Dassion testified that following the dismissal of plaintiffs' case, he called the original attorney two or three times per month for approximately one year to determine whether plaintiffs' case had been refiled. The original attorney assured Mr. Dassion that Giampoli was properly handling plaintiffs' case. Mr. Dassion also testified he did not know the exact date on which his case was dismissed and that the original attorney never indicated to him that the refiling of his complaint was not within the statutory time period. Mr. Dassion stated, however, that the original attorney had informed him that they were near the deadline for refiling. On February 19, 1986, plaintiffs' original attorney informed plaintiffs that he was withdrawing from their case.

The circuit court denied plaintiffs' petition for post-judgment relief, finding that plaintiffs lacked due diligence in pursuing their cause of action. Plaintiffs then filed a timely notice of appeal.

The question raised in this appeal is whether the allegedly fraudulent representations plaintiffs' original attorney made to plaintiffs provide grounds for relief under section 2—1401. Our analysis of the applicable law in conjunction with the particular facts of this case leads us to conclude that the plaintiffs have not demonstrated sufficient grounds for relief under section 2—1401.

■■ ■ Section 2—1401 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401) provides a means for obtaining relief from final orders, judgments and decrees after 30 days from the date of the entry thereof. A section 2—1401 petition for post-judgment relief calls upon the equitable powers of the court, when the exercise of such power is necessary to prevent injustice. (*Lubbers v. Norfolk & Western Ry. Co.* (1984), 105 Ill. 2d 201, 210.) Whether post-judgment relief should be granted rests within the sound discretion of the trial court, depending upon the facts and equities presented. (*Bradshaw v. Pellican* (1987), 152 Ill. App. 3d 253, 257.) Upon review, the decision of the trial court will not be disturbed absent an abuse of discretion. *Fabian v. Norman* (1985), 138 Ill. App. 3d 507, 510.

■ ■ ■ To be entitled to post-judgment relief, a petitioner must demonstrate (1) the existence of a meritorious defense or claim, (2) due diligence in presenting this defense or claim to the trial court, and (3) due diligence in filing the section 2—1401 petition. (*Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 220-21.) The quantum of proof necessary to sustain a section 2—1401 petition is a preponderance of

the evidence. (*Lammert v. Lammert Industries, Inc.* (1977), 46 Ill. App. 3d 667, 673.) Initially, we note that the circuit court denied plaintiffs' petition for post-judgment relief based solely on plaintiffs' lack of due diligence in pursuing their cause of action. Therefore, we need not consider whether plaintiffs' petition alleges facts establishing a meritorious claim. Our inquiry on review is directed to the question of whether the circuit court erred in finding that plaintiffs did not act with due diligence in pursuing their cause of action.

■■ ▌ Due diligence requires the petitioner to show that his inaction was the result of an excusable mistake and that he acted reasonably, not negligently, when he failed to pursue his cause of action. (See *American Reserve Corp. v. Holland* (1980), 80 Ill. App. 3d 638, 643.) The conduct of the parties shall be considered in determining the reasonableness of the petitioner's excuse. (*Canton v. Chorbajian* (1980), 88 Ill. App. 3d 1015, 1022-23.) The intent of section 2—1401, however, is not to relieve parties from the consequences of their own mistakes or their attorneys' negligence. *Manning v. Meier* (1983), 114 Ill. App. 3d 835, 838.

The main thrust of plaintiffs' argument on appeal is that in determining whether plaintiffs acted with due diligence, the circuit court failed to consider the fraudulent representations their original attorney made to plaintiffs, which resulted in the voluntary dismissal of their lawsuit. Plaintiffs assert that the original attorney's fraudulent representations were a reasonable excuse for granting section 2—1401 relief from the order voluntarily dismissing their cause of action. Therefore, plaintiffs contend that the circuit court abused its discretion in finding that the original attorney's fraudulent representations were not a reasonable excuse for granting section 2—1401 relief. We disagree.

■ As noted above, section 2—1401 cannot be used to relieve parties from the consequences of their own or their attorneys' mistakes. (See *Manning v. Meier* (1983), 114 Ill. App. 3d 835, 838.) Therefore, plaintiffs are accountable for any deception caused by their original attorney, and it makes no difference that such fraud was perpetrated on plaintiffs as opposed to some other party or the court. Had defendants fraudulently deceived plaintiffs or the court, plaintiff would be able to demonstrate a reasonable excuse for granting section 2—1401 relief (see *Lubbers v. Norfolk & Western Ry. Co.* (1984), 105 Ill. 2d 201), but no such evidence was presented to the circuit court.

Instead, the evidence presented to the circuit court established that plaintiffs consented to the voluntary dismissal of their lawsuit

after consulting with their original attorney. Plaintiffs were then advised to refile their lawsuit within one year. Plaintiffs kept in constant contact with the original attorney throughout the statutory refiling period yet failed to timely refile their lawsuit. Furthermore, plaintiffs did not file their section 2—1401 petition until one day before the expiration of the two-year statutory period.

As the above sequence of events demonstrates, and as the circuit court properly found, plaintiffs did not diligently pursue their lawsuit, nor did they diligently seek post-judgment relief. In viewing the facts and circumstances of this case, it is clear that plaintiffs' dilemma was a direct result of their own negligence and the negligence of their original attorney. In our view, plaintiffs cannot divorce themselves from the conduct of their attorney when petitioning for post-judgment relief under section 2—1401.

As plaintiffs correctly note, however, equitable principles may require that a judgment be set aside even though there has been a lack of due diligence by the section 2—1401 petitioner. (See *Verni v. Imperial Manor of Oak Park Condominium, Inc.* (1981), 99 Ill. App. 3d 1062, 1067-68.) The section 2—1401 petition invokes the court's equitable powers which prevent the enforcement of a judgment when it would be unfair, unjust, or unconscionable. (*Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 225.) Circumstances must exist which would compel the conclusion that the party obtaining a favorable judgment would gain an unfair, unjust, or unconscionable advantage if the judgment was not vacated. 114 Ill. 2d 209, 227.

In this case, we believe fairness and justice do not require that the circuit court's order granting plaintiffs' voluntary dismissal be vacated. Defendants would not gain an unfair, unjust, or unconscionable advantage if the circuit court's order was enforced. It was plaintiffs, not defendants, who failed to follow the circuit court's order concerning medical evidence, who opted to voluntarily dismiss their lawsuit, and who, finally, failed to refile their lawsuit within the one-year statutory time period. It is clear that plaintiffs would gain an unfair advantage should their section 2—1401 petition be granted. Therefore, we conclude that circuit court did not abuse its discretion in denying plaintiffs' petition for post-judgment relief.

Accordingly, for the reasons expressed above, we affirm the judgment of the circuit court.

Affirmed.

DUNN and HOPF, JJ., concur.