In re MARRIAGE OF ANN E. ZIMMERMAN, Petitioner-Appellee, and JAMES J. ZIMMERMAN, Respondent-Appellant.

First District (1st Division)    No. 1—89—1457

Opinion filed June 25, 1990.—Rehearing denied August 9, 1990.

Riordan, Larson, Bruckert & Moore, of Chicago (Alan L. Fulkerson, of counsel), for appellant.

Davis, Friedman, Zavett, Kane & MacRae, of Chicago (Marcia S. Lipkin, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

On February 10, 1989, the marriage of Ann and James Zimmerman was dissolved and the property divided. James appeals the distribution of property, arguing that the trial court erred in the valuation of the parties' real property and abused its discretion in finding that James had dissipated marital assets. For the reasons below, we reverse and remand.

Ann and James were married on May 31, 1980. The marriage was the second for both and produced no children. James, 39, has a bachelor's degree in management and earns approximately $120,000 per year. Ann, 42, has a master's degree in education and earns approximately $46,000 per year.

During the marriage, the parties acquired the marital home in Chicago, and a house in Newark, Ohio, which the parties purchased on a contract for deed from James' mother, who lived in the house. The parties also owned three savings accounts, two IRAs, two pension funds, a Mercedes-Benz, and a Pontiac. In addition, James owned a camper jointly with Patricia Johnson, which he acquired after the parties separated in January 1985.

In December 1985, Ann filed a petition for dissolution of marriage. The trial court entered judgment for dissolution and found the value of the marital estate to be $287,800, of which it awarded $149,300 to Ann and $138,500 to James. The marital home was valued at $82,900 and awarded to Ann. The Newark house was valued at $30,000 and awarded to James. Two of the savings accounts, both IRAs, one of the pension funds, and the Pontiac were awarded to Ann. The remaining savings account and pension fund, the Mercedes, and the camper were awarded to James. In addition, the trial court found that during the period of separation, from 1985 to 1988, James dissipated $67,700 in marital assets through excessive rents and gifts to friends and relatives. The amount of dissipation was added to James' share of the marital estate. James appeals.

James first challenges the trial court's valuation of the marital

home and the Newark house, arguing that the values were based on mathematical errors and resulted in an inequitable division of the marital estate. The trial court calculated the value of the marital home by subtracting the outstanding mortgage amount, $66,100, from the fair market value of $169,000. That calculation should have yielded a value of $102,900. Instead, the trial court valued the marital home at $82,900. The fair market value of the Newark house was $30,000, but the trial court did not subtract $13,000 still owed by the parties. The trial court's values were clearly the product of mathematical errors.

We disagree with Ann's argument that the trial court's values be left undisturbed. Ann's argument was based on the premise that the marital home's fair market value was $135,000. The trial court, however, based the marital home's $169,000 fair market value on a stipulated appraisal, adjusted for inflation, and there is no indication that the finding was either error or an abuse of discretion. Ann further contends that the Newark house was correctly valued at $30,000 because James' mother did not pay rent as required by the purchase contract, and James would receive tax benefits from owning the house. Those factors, however, do not affect the value of the property.

■ If, as the record indicates, the trial court sought to value the properties at the parties' equity, subtracting the outstanding amount owed from the fair market value, the proper values should have been $102,900 for the marital home, and $17,000 for the Newark house. Although we find no error in assigning the marital home to Ann and the Newark house to James, the erroneous valuation of those assets resulted in a division of property that was not the 52% to 48% split that could be inferred was the intention of the trial court. We therefore remand so that the trial court may correct the mathematical errors and redistribute the marital property as necessary.

James also challenges the finding that he dissipated $67,700 in marital property. James argues that the finding was erroneous because the expenditures for rent and cash gifts which were found to be dissipation were derived from his "disposable" income, *i.e.*, that which remained to him after taxes, withholdings, and contributions to pension funds. James contends that his income was not a marital asset and could not be characterized as such until it was turned into a tangible asset or added to an existing marital asset. We disagree. While we express no opinion concerning the amount of the dissipation, we hold that the trial court's finding of dissipation was correct.

■ ■ According to generally accepted accounting principles, income is not an asset, but is realized in a form that is an asset, such as

cash, whose net worth is the amount of the income. Section 503(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1987, ch. 40, par. 503(a)) provides: " 'marital property' means all property acquired by either spouse subsequent to the marriage." Thus, when James' income was realized, it became marital property, and income used for his sole benefit, for purposes not related to the marriage, was dissipation. See *In re Marriage of Partyka* (1987), 158 Ill. App. 3d 545, 549, 511 N.E.2d 676; *In re Marriage of Kaplan* (1986), 149 Ill. App. 3d 23, 500 N.E.2d 612; *In re Marriage of Fleming* (1980), 80 Ill. App. 3d 1006, 400 N.E.2d 625.

Reversed and remanded.

BUCKLEY, P.J., and MANNING, J., concur.