*In re* MARRIAGE OF WILLIAM TUCKER FRAZIER, Petitioner-Appellee, and THELMA K. FRAZIER, Respondent-Appellant.

Fifth District   No. 5—89—0513

Opinion filed August 28, 1990.

Mark C. Scoggins, of Crowder & Scoggins, Ltd., of Columbia, for appellant.

John R. Sprague, Sr., of Sprague & Sprague, of Belleville, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

On April 5, 1983, the circuit court of St. Clair County entered a judgment which dissolved the marriage of petitioner, William Tucker Frazier, and respondent, Thelma K. Frazier, and distributed the parties' property between them. From that judgment, petitioner appealed. This court reversed and remanded with instructions to reevaluate petitioner's interest in his insurance agency and to redistribute the parties' marital property. (*In re Marriage of Frazier* (1984), 125 Ill. App. 3d 473, 466 N.E.2d 290.) A hearing on remand was held on September 12, 1985. On April 4, 1986, the circuit court entered a second judgment order which

provided, *inter alia*, that petitioner be awarded certain personal property having a value now claimed to be $35,285. After petitioner's posttrial motion was argued and denied, petitioner appealed from the April 4, 1986, order. This court affirmed the circuit court's judgment on January 5, 1988, and the mandate issued on February 2, 1988. (*In re Marriage of Frazier* (1988), 164 Ill. App. 3d 207, 517 N.E.2d 775.) Thereafter, correspondence was exchanged between counsel for the parties in which counsel arranged for the execution and exchange of deeds and for petitioner to pick up the personal property awarded him in the 1986 order. In a June 7, 1988, letter from respondent's attorney, petitioner's counsel learned for the first time that most of the personal property awarded to petitioner in the April 4, 1986, order had been stolen during a burglary of respondent's residence on March 17, 1986.

On August 22, 1988, petitioner filed a three-count civil action against respondent (*Frazier v. Frazier*, St. Clair County No. 88—L— 757), which was subsequently consolidated with this case. A police report contained in the pleadings of the civil action discloses that respondent reported a burglary to her home on March 17, 1986.

On January 6, 1989, petitioner filed a motion in this case to vacate the order of April 4, 1986, pursuant to section 2—1401 of the Civil Practice Law (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401). On February 1, 1989, respondent filed a motion to dismiss petitioner's motion to vacate. On June 28, 1989, the circuit court entered an order denying the motion to dismiss, vacating the April 4, 1986, order and setting the matter for trial. Upon the parties' request for clarification of the June 28, 1989, order, the court, in an order dated July 26, 1989, stated that the scheduled hearing would be held "to consider what, if any, redistribution of property there should be as a result of the [petitioner's] petition being granted." Respondent appeals from the circuit court's June 28, 1989, order.

■ Section 2—1401, formerly section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72), permits parties to seek "[r]elief from final orders and judgments, after 30 days from the entry thereof, *** upon petition *** supported by affidavit or other appropriate showing as to matters not of record." (Ill. Rev. Stat. 1989, ch. 110, pars. 2— 1401(a), (b).) The petition must be filed within two years of the entry of the order or judgment complained of, but the time during which the ground for relief is fraudulently concealed is excluded in computing the two-year period. Ill. Rev. Stat. 1989, ch. 110, par. 2—1401(c); *Lubbers v. Norfolk & Western Ry. Co.* (1984), 105 Ill. 2d 201, 209, 473 N.E.2d 955, 959.

■■ The purpose of section 2—1401 is to bring facts not of record

to the attention of the trial court which, if known by the court at the time judgment was entered, would have prevented its rendition. (*Manning v. Meier* (1983), 114 Ill. App. 3d 835, 837-38, 449 N.E.2d 560, 562.) In order to obtain relief under this section, petitioner must set forth specific factual allegations supporting the following elements: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting the defense or claim in the original action; (3) that through no fault or negligence of his own, an error of fact or a valid defense or claim was not made known to the trial court at the time the original judgment or order was entered; and (4) due diligence in filing the petition for vacation. (*Schmidt v. Seigal Trading Co.* (1979), 72 Ill. App. 3d 611, 614, 391 N.E.2d 32, 34.) Motions for relief from judgment are addressed to the sound discretion of the trial court and will not be overturned absent abuse. *In re Marriage of Emerson* (1983), 115 Ill. App. 3d 712, 717, 450 N.E.2d 987, 991.

■ Respondent argues that the circuit court erred in denying her motion to dismiss where petitioner failed to plead sufficient facts showing the following: (1) the existence of a meritorious claim; (2) fraud as a basis for tolling the two-year limitations period; and (3) due diligence in filing the petition. Regarding the first contention of error, when a motion to dismiss is filed against a petition for relief under section 2—1401, the motion admits all well-pleaded facts and attacks only the legal sufficiency of the petition. (*Manning*, 114 Ill. App. 3d at 839, 449 N.E.2d at 563.) Here, if the allegations presented in the petitioner's motion to vacate are taken as true and correct, then the circuit court's denial of respondent's motion to dismiss was clearly proper.

Petitioner's motion under section 2—1401 alleged, *inter alia*, that a burglary of respondent's residence occurred on March 17, 1986; that during the burglary certain items of property awarded to petitioner by the court's April 4, 1986, order had been stolen (a description and value for each item were listed in an attached exhibit); that petitioner did not learn of the burglary until June 7, 1988; that the failure of respondent to disclose the burglary resulted in fraud by concealment perpetrated upon the court and upon petitioner; that disclosure of the fact of the nonexistence of the property in question, prior to the April 4, 1986, order, might have resulted in a different disposition of the marital and nonmarital property; and that as a result of the fraudulent concealment by respondent, a fair and equitable division of the marital and nonmarital property was not made by the court in its order of April 4, 1986, to the petitioner's detriment. Based on these allegations of fact, petitioner sought vacatur of the April 4, 1986, order and a rehearing on the question of the division of marital and nonmarital property or, alternatively,

modification of the order so as to establish a "fair and equitable division" of the parties' property.

■■ We find that petitioner's motion satisfies the necessary requirements of the statute. It pleads facts which were not known to petitioner until more than 30 days after the entry of the April 4, 1986, order and which, had they been known and proven, would have entitled him to the relief sought. See *Deahl v. Deahl* (1973), 13 Ill. App. 3d 150, 159, 300 N.E.2d 497, 504.

■■ Contrary to respondent's contention, it was not necessary for petitioner to indicate whether he obtained compensation through insurance on the property. Rather, as the circuit court stated:

"[Petitioner] claims that [respondent]'s non-disclosure resulted in injury to him in the amount of $35,285.00. The issue is not whether [petitioner] can prove his claim; the issue is whether [petitioner] is entitled to try to do so. The Court believes [petitioner] is entitled to attempt to prove his claim."

We agree.

Respondent further argues that petitioner's allegations of fraudulent concealment are insufficient to toll the limitations period under section 2—1401, where the petition "shows mere silence on the part of [respondent] until more than two (2) years after the April 4, 1986 Judgment," citing *Dils v. City of Chicago* (1978), 62 Ill. App. 3d 474, 378 N.E.2d 1130. In *Dils*, the court held that plaintiff's mere silence or failure to disclose a default judgment entered against defendant until the two-year limitation period for filing a petition to vacate had run was insufficient to constitute fraudulent concealment. (62 Ill. App. 3d at 478, 378 N.E.2d at 1134.) However, we agree with the circuit court that:

"There is a huge distinction between failure to disclose a judgment in a case in which the section 2—1401 petitioner had filed an answer and third-party complaint and participated in some of the court proceedings, as was the case in *Dils* * * * and the instant case wherein [respondent] had knowledge of the theft of substantial property and failed to disclose the same prior to the Court's Order disposing of the property, prior to the hearing on the Post-Trial Motion, prior to the disposition of the case in the Appellate Court almost two years later, and prior to the execution of the deeds to [respondent] by [petitioner] pursuant to the Order."

■■■ It is clear that a judgment of dissolution of marriage may be vacated or modified if procured through fraud. (*Roth v. Roth* (1970), 45 Ill. 2d 19, 23, 256 N.E.2d 838, 840.) Fraudulent concealment consists of affirmative acts or misrepresentations intended to exclude suspicion or prevent injury. (*Dils*, 62 Ill. App. 3d at 478, 378 N.E.2d at 1134.) How-

ever, nondisclosure of a material fact is "in essence a misrepresentation." *Garmisa v. Garmisa* (1972), 4 Ill. App. 3d 411, 423, 280 N.E.2d 444, 452.

In *Deahl*, the ex-husband defendant filed a petition seeking to vacate or modify the divorce decree and the ex-wife plaintiff filed a motion to strike. Defendant's petition alleged that plaintiff had intentionally concealed from the court and from defendant the fact that she was about to remarry and that 31 days after the divorce decree was entered, plaintiff remarried. In reversing the circuit court's denial of defendant's petition, the *Deahl* court stated:

"Although the present case does not disclose that plaintiff affirmatively denied any intention to remarry \*\*\*, the nondisclosure of her immediate intention to remarry constituted an affirmative withholding of a material fact which was vital for the judge to know in determining whether to decree periodic alimony payments terminable upon remarriage, or an award of alimony in gross which would not be so affected." 13 Ill. App. 3d at 159-60, 300 N.E.2d at 504.

■ Here, respondent's nondisclosure of the theft of the property in question similarly constituted "an affirmative withholding of a material fact which was vital for the judge to know" in deciding the distribution of the parties' property. Therefore, although petitioner's motion to vacate was filed beyond the two-year limitation period, it alleged sufficient facts constituting fraudulent concealment to toll the running of the statutory period.

■ Respondent's claim that the petitioner failed to act with due diligence by filing his petition nearly seven months after learning of the basis therefor is also without merit. It is true that petitioner filed his section 2—1401 motion on January 6, 1989, almost seven months after his counsel received respondent's counsel's June 7, 1988, letter disclosing the disappearance of the petitioner's property. However, the record reveals that petitioner filed his civil suit to recover the property or its value on August 22, 1988, less than three months after learning of the burglary. As those pleadings have been consolidated with the instant case, the circuit court did not abuse its discretion in holding that petitioner exercised due diligence in this matter. (See *Deahl*, 13 Ill. App. 3d at 159, 300 N.E.2d at 504 (defendant was not lacking in diligence nor was he negligent in filing petition less than four months after discovery of plaintiff's remarriage).) Further, when justice and fairness require, a judgment may be vacated even though the requirement of due diligence has not been satisfied. *Manning*, 114 Ill. App. 3d at 838, 449 N.E.2d at 562.

▇▇ Respondent's final contention on appeal is that the circuit court erred in granting petitioner the relief requested without a hearing and without an answer having been filed. A petition to vacate a judgment under section 2—1401 commences an entirely new proceeding and is not merely a continuation of the original proceeding. The new proceeding is subject to the usual and ordinary rules of civil practice. (*Manning*, 114 Ill. App. 3d at 840, 449 N.E.2d at 564.) Where a motion to dismiss under section 2—1401 is denied, the court should allow the moving party a chance to answer the allegations contained in the petition. (114 Ill. App. 3d at 840, 449 N.E.2d at 564; *Reuben H. Donnelley Corp. v. Thomas* (1979), 79 Ill. App. 3d 726, 731, 398 N.E.2d 972, 976.) If the central facts of the petition are controverted, an evidentiary hearing must be held. (*Yorke v. Stineway Drug Co.* (1982), 110 Ill. App. 3d 1009, 1014, 443 N.E.2d 644, 648.) However, the central facts of a section 2—1401 petition are not those which would establish the underlying action but rather facts which are sufficient merely to support an order vacating the judgment. 110 Ill. App. 3d at 1014, 443 N.E.2d at 648; *Manning*, 114 Ill. App. 3d at 840, 449 N.E.2d at 564.

▇▇ In the instant case, the central facts are not controverted. Respondent has admitted both in her briefs on appeal and in oral argument that she knew the subject property was stolen before the April 4, 1986, order was entered and at the time of the post-trial motion hearing and did not make the court or petitioner aware of this material fact. It would be senseless to remand this matter to the circuit court for an evidentiary hearing as was necessary in *Manning* (114 Ill. App. 3d at 840, 449 N.E.2d at 564), as there are sufficient admitted facts to warrant the vacatur of the April 4, 1986, order, distributing the parties' marital and nonmarital property. What, if any, redistribution of the property will be necessary is not here at issue. (See *Yorke*, 110 Ill. App. 3d at 1014-15, 443 N.E.2d at 648.) We conclude, therefore, that the circuit court did not err in denying respondent's motion to dismiss and granting petitioner's motion to vacate without an evidentiary hearing.

For the foregoing reasons, we affirm the judgment of the circuit court of St. Clair County and remand for further proceedings.

Affirmed and remanded.

CHAPMAN and WELCH, JJ., concur.