*In re* MARRIAGE OF CAROLEE J. BAUMGARTNER, Petitioner and Counterrespondent-Appellee, and WILLIAM K. BAUMGARTNER, Respondent and Counterpetitioner-Appellant.

Fourth District   No. 4—91—0585

Opinion filed March 19, 1992.—Rehearing denied April 30, 1992.

Stephen R. Ryan, of Ryan, Cini, Bennett & Radloff, of Mattoon, for appellant.

Priscilla Ragle Ebdon, of Charleston, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

This is an appeal by respondent William K. Baumgartner from an order of the circuit court of Moultrie County denying his petition for post-judgment relief made pursuant to section 2—1401 of the Illinois Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401). This court has previously considered direct and cross-appeals by the parties from the judgment of dissolution of the marriage of Carolee J. Baumgartner and respondent. (*In re Marriage of Baumgartner* (4th Dist. 1990), No. 4—89—0905 (unpublished order under Supreme Court Rule 23), *appeal denied* (1991), 136 Ill. 2d 541, 567 N.E.2d 328.) In this current appeal, respondent raises two issues, to wit: whether the trial court committed an abuse of discretion in denying respondent's section 2—1401 petition, and whether, in considering respondent's section 2—1401 petition, the trial court should have invoked equitable powers of justice and fairness to prevent petitioner from obtaining an unfair, unjust and unconscionable result.

For the purpose of this appeal, it is unnecessary to set forth in detail the relationship of the parties and the issues raised in the earlier appeal. On November 28, 1988, the trial court entered the judgment of dissolution. The finality of that order was delayed until additional issues were decided in the trial court. The issue of attorney fees was determined on October 26, 1989, and thereafter the parties filed a direct appeal and a cross-appeal.

Among the numerous issues raised on direct appeal were respondent's challenges to the trial court's valuation of a farm corporation. In its decision, this court discussed at length the evidence which was presented. In arguing on appeal that the value placed on the corporation should have been lower, respondent's argument focused on the valuation of 10 corporate assets. In discussing the valuation of the corporation, this court stated:

> "It appears the trial court accepted Morgan's total asset value as the fair market value of the corporation, thereby calculating the fair market value of respondent's interest at $386,545.35. However, respondent does not specifically argue in his brief on appeal that the trial court improperly failed to take all corporate liabilities into consideration in arriving at a value for the corporation. Instead, respondent argues the trial court improperly limited corporate liabilities to $225,000,

rather than the $342,000 which respondent suggests is appropriate, and then attacks 10 items which Morgan included in his calculations. As a result, respondent has waived the argument that the trial court failed to completely consider corporate liabilities in the calculation of the value of the corporation. (107 Ill. 2d R. 341(e)(7).) Clearly, respondent wants to reduce the distribution of marital property to pure mathematical calculation. However, that is not the test. Even assuming, for the sake of argument, that the trial court did use a lesser figure for corporate liabilities as respondent suggests, this does not establish the property distribution in this case is inequitable given the length of the marriage and the fact that petitioner worked for the corporation for a number of years. The distribution need not be equal. Nevertheless, each of the arguments raised by respondent concerning the disputed valuation of the corporate assets will be discussed below." *In re Marriage of Baumgartner* (4th Dist. 1990), No. 4—89—0905 (unpublished order under Supreme Court Rule 23), slip order at 15-16.

After the Illinois Supreme Court denied respondent's petition for leave to appeal, respondent, on March 18, 1991, filed in the trial court a document entitled "Petition For Post-Trial Relief," made pursuant to sections 2—1203 and 2—1401 of the Code. (Ill. Rev. Stat. 1989, ch. 110, pars. 2—1203, 2—1401.) Section 2—1203, of course, deals with post-trial motions in nonjury cases and requires such motions to be filed within 30 days of the entry of judgment. Clearly, respondent's petition was filed more than 30 days after the entry of the judgment, and respondent has made no argument on appeal concerning the applicability of this statute. Therefore, we will consider only whether respondent was entitled to relief pursuant to section 2—1401.

In his petition, respondent charged the trial court with a "mathematical error," that being the failure to deduct total liabilities in order to derive net worth of the corporation. However, he acknowledged the error was not discovered while the appellate and reply briefs in the direct appeal were prepared. According to the affidavit, which was incorporated by reference into the petition, the error was discovered by respondent's counsel on the evening prior to oral argument in that appeal. In denying respondent's petition, the trial court made the following findings:

"(1) That Chapter 110, Section 2—1401, Illinois Revised Statutes, is the appropriate vehicle with regard to said Petition for Post-Trial Relief.

(2) That said Petition for Post-Trial Relief is not well taken.

(3) That the issue of diligence is the determining factor, and the Court is of the opinion that blame in this cause cannot be placed upon Petitioner/Counter-Respondent. The diligence factor lies with Respondent/Counter-Petitioner and his counsel to have discovered this cause and its problem if in fact it is a problem well before this date. The Court does not believe that Section 2—1401 is designed to deal with mistakes of the Court. The Appellate Court is designed to deal with the mistakes of the Court. The Appellate Court has visited this case. The Supreme Court has visited this case, and it is not appropriate for the Trial Court to again visit this case under these circumstances.

(4) That accordingly, the Petition for Post-Trial Relief should be denied."

Initially, we consider whether the trial court committed an abuse of discretion in denying respondent's section 2—1401 petition. This court stated:

"Section 2—1401 of the Code provides a comprehensive statutory procedure for which judgments can be challenged more than 30 days after their rendition. To be entitled to relief under this section, the petitioner must affirmatively set forth specific factual allegations supporting each of the following elements: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the court in the original action; and (3) due diligence in filing the section 2—1401 petition for relief. (*Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 221, 499 N.E.2d 1381, 1386; *First National Bank v. Mattoon Federal Savings & Loan Association* (1988), 175 Ill. App. 3d 956, 959, 530 N.E.2d 666, 668.) The quantum of proof necessary to sustain a section 2—1401 petition is a preponderance of the evidence. (*Airoom*, 114 Ill. 2d at 221, 499 N.E.2d at 1386.) Whether such a petition should be granted lies within the sound discretion of the circuit court, depending on the facts and equities presented. (*Airoom*, 114 Ill. 2d at 221, 499 N.E.2d at 1386; *Beno v. DeBoer Asphalt Paving Co.* (1983), 114 Ill. App. 3d 871, 873-74, 449 N.E.2d 1021, 1022-23.) As such, a court of review is justified

in disturbing the judgment of the circuit court only if it finds that the court abused its discretion. *Kaput v. Hoey* (1988), 124 Ill. 2d 370, 378, 530 N.E.2d 230, 234; *Airoom*, 114 Ill. 2d at 221, 499 N.E.2d at 1386." (*Cunningham v. Miller's General Insurance Co.* (1989), 188 Ill. App. 3d 689, 692, 544 N.E.2d 441, 442.)

As has been stated:

"In determining whether the trial court abused its discretion, the question is not whether the reviewing court agrees with the trial court but rather did the trial court in the exercise of its discretion act arbitrarily without the employment of conscientious judgment or, in view of all the circumstances, exceed the bounds of reason and ignore recognized principles of law so that substantial injustice resulted." *In re Marriage of Lee* (1979), 78 Ill. App. 3d 1123, 1127, 398 N.E.2d 126, 129.

Respondent cites *In re Marriage of Frazier* (1990), 203 Ill. App. 3d 847, 850-51, 561 N.E.2d 160, 162, for the proposition that section 2—1401 is designed to bring to the trial court's attention errors and mistakes of which the court was unaware. The principles annunciated in *Frazier* require that the facts brought to the trial court's attention were "not of record" in the earlier proceeding. Clearly, the "mathematical error" alleged in the petition was in the record. Otherwise, the appellate court would have been unable to observe the obvious argument and notice that had not been raised.

*Frazier* is distinguishable on its facts. In *Frazier*, the petition alleged a burglary at respondent's residence in which property awarded to petitioner was stolen and that the failure of respondent to disclose the burglary was a fraudulent concealment. The trial court found that the situation was appropriate for a section 2—1401 motion. In this case, the "fact" alleged in the section 2—1401 petition is not only contained in the trial court record, but it was obvious to anyone who reviewed the trial court's order of dissolution in light of the law regarding the valuation of closely held corporations.

■ Respondent also attempts to persuade this court that the trial court's comments about section 2—1401 not being designed to deal with mistakes of the trial court and refusing to "revisit" this case after the case had been "visited" by the appellate and supreme courts are incorrect. As the language in *Frazier* points out, the trial court was correct. Issues which could have been raised in a motion for rehearing or on direct appeal are *res judicata* and may not be relitigated in the section 2—1401 proceeding, which is a separate action and not a continuation of the earlier action. See Ill.

Rev. Stat. 1989, ch. 110, par. 2—1401(b); *Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 505, 165 N.E.2d 294, 296.

■■ Respondent attempts to convince this court that the fault for the "mathematical error" lies with petitioner and that respondent was diligent in bringing this matter to the court's attention. Of course, respondent has an obligation to object at trial to incorrect inferences drawn from the evidence by the opposing party, and if the trial court adopts the incorrect inferences, to file a post-trial motion bringing the error to the trial court's attention. Not only does inaction in this regard effect a waiver of the issue on direct appeal, but it also bears on the question of the diligence, or lack thereof, on the part of respondent.

Respondent attempts to demonstrate his diligence by pointing out he discovered the error on July 16, 1990, well before the section 2—1401 petition hearing date of May 2, 1991. However, there is no adequate explanation why such an error was not discovered earlier or why respondent waited until March 1991 to file a section 2—1401 petition. There was no need to wait for the appellate process to be completed before the section 2—1401 petition was filed. The pending of the appeal did not toll the two-year limitations period. *Sidwell v. Sidwell* (1984), 127 Ill. App. 3d 169, 174, 468 N.E.2d 200, 203.

The blame for failing to discover the error does not rest on petitioner. Nor has respondent demonstrated diligence in discovering the error and bringing it to the trial court's attention. The valuation of the corporation which respondent challenges was included in the November 1988 order. The order did not become final until 30 days after the October 26, 1989, order. During this entire time, respondent filed no petition for reconsideration, apparently because the error had not yet been discovered.

Moreover, the cases cited by respondent in addition to *Frazier* are also factually distinguishable. In *Deahl v. Deahl* (1973), 13 Ill. App. 3d 150, 300 N.E.2d 497, the ex-wife intentionally concealed the fact she was about to remarry from the court. The court found the case was an appropriate one in which to consider a petition for relief from the divorce decree since there was "an affirmative withholding of a material fact which was vital for the judge to know in determining whether to decree periodic alimony payments terminable upon remarriage, or an award of alimony in gross which would not be so affected." (*Deahl*, 13 Ill. App. 3d at 159-60, 300 N.E.2d at 504.) No such affirmative withholding of a material fact occurred in this case.

*Groak v. Groak* (1965), 64 Ill. App. 2d 439, 212 N.E.2d 139, involved a mutual mistake in a written agreement of the parties which was incorporated by reference into the divorce decree. The case at bar does not deal with an agreement of the parties at all, not to mention one in which there was a mutual mistake, or even a mistake on one side and fraud on the other which would require a reformation of the parties' agreement.

Neither *Lee* nor *In re Marriage of Malters* (1985), 133 Ill. App. 3d 168, 478 N.E.2d 1068, involved a section 2—1401 petition.

In *Dassion v. Homan* (1987), 161 Ill. App. 3d 141, 143, 514 N.E.2d 41, 42, it was alleged in the petition that plaintiff's former attorney made fraudulent representations which induced plaintiffs to dismiss their complaint in spite of a meritorious claim. No such allegations are made here.

Finally, respondent cites *In re Marriage of Admire* (1989), 193 Ill. App. 3d 324, 329, 549 N.E.2d 620, 623, for the proposition that a judgment is against the manifest weight of the evidence when the opposite conclusion is apparent or the findings are unreasonable, arbitrary, or not based on the evidence. *Admire* involves a contempt proceeding, not a section 2—1401 petition. It is clear the decision in *Admire* is inapposite.

■ Respondent also asks this court to decide whether, in considering his section 2—1401 petition, the trial court should have invoked its equitable powers of justice and fairness to prevent petitioner from obtaining an unfair, unjust and unconscionable result. Respondent argues that the application of equitable principles may require the judgment to be set aside even though there has been a lack of diligence in presenting the section 2—1401 petition. This principle is recited in the cases respondent states as authority. (*In re Marriage of Frazier*, 203 Ill. App. 3d at 853, 561 N.E.2d at 164; *Dassion*, 161 Ill. App. 3d at 144, 514 N.E.2d at 43; *Manning v. Meier* (1983), 114 Ill. App. 3d 835, 838, 449 N.E.2d 560, 562.) However, the very cases he cites demonstrate that he is not entitled to relief in this case.

As already noted, *Frazier* involved a fraudulent concealment of the fact that property had been stolen. This tolled the running of the statute of limitations in *Frazier*. Respondent alleges no fraudulent concealment of facts, only a "mathematical error." In his brief and at oral argument, respondent acknowledged that no fraud is alleged in this case.

More importantly, the cases state that the equitable principles cannot be used to relieve a respondent of his own mistakes. (*Das-*

*sion,* 161 Ill. App. 3d at 145, 514 N.E.2d at 43; *Manning,* 114 Ill. App. 3d at 838, 449 N.E.2d at 562; see also *Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 222, 499 N.E.2d 1381, 1387.) Nevertheless, respondent appears to be attempting to place the responsibility for failing to discover the error on the trial court alone. In doing so, respondent cites *Malters,* which states a trial court must have competent evidence of value and its determination of value must be supported by that evidence (*Malters,* 133 Ill. App. 3d at 180, 478 N.E.2d at 1076); and *In re Marriage of Zimmerman* (1990), 200 Ill. App. 3d 594, 596-97, 558 N.E.2d 302, 303, in which the judgment was reversed on *direct appeal* because the trial court's valuation of the marital home was based on mathematical errors and resulted in the inequitable division of marital property.

There can be no doubt there was a miscalculation in the case at bar. This court pointed it out in the order disposing of the direct appeal. But that does not lead to the conclusion that the evidence of valuation was incompetent. Nor does the *Zimmerman* case require reversal here. In fact, *Zimmerman* clearly demonstrates that mathematical errors in valuation can be discovered at such a time that the issue is not waived on direct appeal.

It cannot be assumed that petitioner obtained an unconscionable result in the case at bar. This court has already affirmed the trial court's distribution of property as equitable. It is purely an assumption on the part of respondent that, had the trial court arrived at a lower value for the farm corporation, this court would have found an abuse of discretion with regard to the property distribution. This court refused to reduce the property distribution to pure mathematical calculation. Given the relative financial conditions of the parties, there does not appear to have been an unconscionable result. No abuse of discretion has been demonstrated.

Accordingly, the judgment of the circuit court of Moultrie County is affirmed.

Affirmed.

COOK and LUND, JJ., concur.