2022 IL App (1st) 210967-U

FIFTH DIVISION
June 30, 2022

No. 1-21-0967

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| HUIZENGA MANAGERS FUND, LLC, | ) | Appeal from the |
| | ) | Circuit Court of Cook County. |
| Respondent-Appellee, | ) | |
| | ) | 07 CH 09626 |
| v. | ) | |
| | ) | Honorable Alison C. Conlon, |
| RITCHIE RISK-LINKED STRATEGIES, LLC, | ) | Judge Presiding. |
| | ) | |
| Petitioner-Appellant. | ) | |

JUSTICE CONNORS delivered the judgment of the court.
Presiding Justice Delort and Justice Hoffman concurred in the judgment.

**ORDER**

*Held:* The circuit court properly granted respondent's motion to dismiss petitioner's section 2-1401 petition to vacate a void judgment where the issue raised in the petition was barred by *res judicata*; affirmed.

¶ 1     In 2018, Petitioner, Ritchie Risk-Linked Strategies, LLC (Ritchie), filed a section 2-1401 (735 ILCS 5/2-1401 (West 2018)) petition to vacate a void judgment. Respondent, Huizenga Managers Fund, LLC (Huizenga), filed a motion to dismiss the petition, which was granted by the circuit court. Ritchie now appeals, arguing that the circuit court erred in dismissing its petition. For the following reasons, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3     In April 2007, Huizenga sued Ritchie in the circuit court of Cook County, in part for violating the Delaware Securities Act (DSA) in the sale of two investments made by Huizenga. In January 2015, the circuit court found Ritchie to be liable on one investment, but not the other. In February 2015, Ritchie filed a section 2-1203 (735 ILCS 5/2-1203 (West 2018)) motion to vacate judgment, arguing that the circuit court had erred in applying the DSA. It argued that Delaware law was clear that a court had subject matter jurisdiction to apply the DSA only where there was a sufficient nexus between Delaware and the transaction at issue. However in its reply brief, Ritchie admitted that the circuit court had subject matter jurisdiction but argued that the circuit court erred in applying the DSA due to lack of a sufficient nexus with Delaware.

¶ 4     In June 2015, the circuit court denied Ritchie's motion, stating that the parties could not pick one set of laws and then, when it turns out to be uncomfortable say, "we never meant it." It also stated that a Delaware Supreme Court "couldn't tell an Illinois Court that the Illinois Court doesn't have subject matter jurisdiction."

¶ 5     Ritchie appealed the judgment, and Huizenga cross-appealed on the finding of non-liability of the first investment. In its reply brief, it argued that "[r]ecent Delaware caselaw explains that the DSA should not even be applied to securities transactions that are not connected to Delaware, such as the sale of securities in this case." Ritchie cited to *FdG Logistics, LLC v. A&R Logistics Holdings, Inc.*, 131 A.3d 842 (Del. Ch. 2016), but provided no further argument and did not contend that the circuit court lacked subject matter jurisdiction.

¶ 6     In December 2016, this court affirmed the circuit court's findings of liability against Ritchie on the second investment and reversed the circuit court's findings of non-liability on the first investment. See *Huizenga Managers Fund, LLC v. Ritchie*, 2016 IL App (1st) 152733-U

(*Huizenga I*). In January 2017, Ritchie filed a petition for rehearing, and on February 2, 2017, this court denied the petition for rehearing. Also on February 2, 2017, Ritchie filed a motion for leave to submit supplemental authority in support of its petition for rehearing, seeking to cite to *FdG Logistics*. The motion was denied.

¶ 7 In March 2017, Ritchie filed a petition for leave to appeal with the Illinois Supreme Court, arguing that the "Appellate Court's failure to follow the Delaware Supreme Court decision in [*FdG Logistics*] when it was brought to the Appellate Court's attention violates the U.S. Constitution's Full Faith and Credit Clause, and requires reversal of the Appellate Court's holdings." Huizenga responded that "the reason why the Appellate Court's order is silent on the nexus requirement is because [Ritchie] did not raise the issue in its opening brief or cross-appeal response brief – or indeed at any point before the Appellate Court resolved the appeal." The Illinois Supreme Court denied the petition.

¶ 8 On October 13, 2017, the circuit court entered judgment against Ritchie for violating the DSA in connection with the first investment. Ritchie then appealed to this court, and we again affirmed the circuit court's decision. *Huizenga Managers Fund v. Ritchie Risk-Linked Strategies, LLC*, 2018 IL App (1st) 172862-U (*Huizenga II*).

¶ 9 On June 18, 2018, Ritchie filed a petition pursuant to section 2-1401(f) in the circuit court, arguing that the circuit court's January 27, 2015, judgment finding Ritchie liable for Huizenga's second investment was void because the circuit court lacked subject matter jurisdiction. Ritchie argued that "[u]nder Delaware substantive law, this Court did not have jurisdiction over the subject matter, specifically the DSA," because "there was no jurisdictional relationship between Delaware and the transactions at issue in this case." It argued that the Delaware law on the nexus issue had been settled "[s]ince 1973."

¶ 10 On June 21, 2018, Huizenga filed a motion to dismiss Ritchie's motion to vacate, and for sanctions. It argued that the court had already rejected Ritchie's assertion that the court lacked subject matter jurisdiction, and that *res judicata* barred Ritchie from relitigating the issue of subject matter jurisdiction.

¶ 11 On August 3, 2018, the circuit court granted Huizenga's motion to dismiss, stating that it lacked jurisdiction to consider the motion because it had "no authority, whatsoever, to overturn decisions of the Appellate Court. And to entertain the petition would be for me to entertain an argument that I should overturn decisions of the Appellate Court. I can't do that." Ritchie now appeals.

¶ 12                                    II. JURISDICTION

¶ 13 As an initial matter, Huizenga contends that we do not have jurisdiction to hear this appeal because the appeal was not taken within 30 days of the circuit court's dismissal of the section 2-1401 petition. Ritchie responds that the 30-day time-period in which to file an appeal was tolled because there was a motion for sanctions pending in the circuit court.

¶ 14 We have a duty to consider whether we have jurisdiction and to dismiss an appeal for lack of jurisdiction. *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 539 (1984). Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) allows appeals from final judgments as a matter of right. An order is considered final if it "determines the litigation on the merits or some definite part thereof so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment." *In re Marriage of Verdung*, 126 Ill. 2d 542, 553 (1989).

¶ 15 Although the general rule is that a party can appeal a case "only after the circuit court has resolved all claims against all parties," there are exceptions to that rule. *State Farm Fire & Casualty Co. v. John J. Rickhoff Sheet Metal Co.*, 394 Ill. App. 3d 548, 556 (2009). Notably,

Supreme Court Rule 304 (a) (eff. Mar. 8, 2016), provides that, where there are multiple parties or multiple claims, an appeal may be taken from a final judgment "as to one or more but fewer than all of the parties or claims" only if the circuit court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both. Neither party states that such language existed in this case.

¶ 16    Rule 304(b), however, provides exceptions, allowing immediate appeals from certain types of orders and judgments without the special finding required for appeals under Rule 304(a). Ill. S. Ct. R. 304(b) (eff. Mar. 8, 2016). One such exception is "a judgment or order granting or denying any of the relief prayed in a petition under section 2-1401 of the Code of Civil Procedure." Ill. S. Ct. R. 304(b)(3) (eff. Mar. 8, 2016). Here, the circuit court's grant of Huizenga's motion to dismiss the section 2-1401 petition was a final and appealable order.

¶ 17    However, an Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018) motion for sanctions filed within 30 days of a final judgment renders the judgment unappealable until the disposition of the sanctions claim, and a notice of appeal filed before a timely Rule 137 claim is considered premature. *John G. Phillips & Associates v. Brown*, 197 Ill. 2d 337, 340-41 (2001). Here, Huizenga filed a motion for sanctions within 30 days of the circuit court's order dismissing Ritchie's section 2-1401 petition, rendering the judgment unappealable until the motion for sanctions was resolved. See also *Niccum v. Botti, Marinaccio, DeSalvo & Tamerling, Ltd*., 182 Ill. 2d 6, 9 (1998) ("a notice of appeal filed from a final order including a Rule 304(a) finding – though unnecessary to render the order appealable – allows the appellate court to retain jurisdiction even where a subsequent motion for sanctions is filed and is pending in the trial court.")

¶ 18    Accordingly, this appeal is timely, as it was taken within 30 days of the judgment on the motion for sanctions, and thus we deny Huizenga's motion to dismiss this appeal for lack of jurisdiction.

¶ 19                                III. ANALYSIS

¶ 20    On appeal, Ritchie contends that the circuit court erred in dismissing its section 2-1401 petition to vacate a void judgment. Section 2-1401 of the Code states that relief from final orders and judgments, after 30 days from the entry thereof, may be had upon petition as provided for in this section. 735 ILCS 5/2-1401(a) (West 2020). The petition must be filed in the same proceeding in which the order or judgment was entered but is not a continuation thereof. 735 ILCS 5/2-1401(b) (West 2020). Section 2-1401(f) states, "Nothing contained in this Section affects any existing right to relief from a void order or judgment, or to employ any existing method to procure that relief."

¶ 21    A void judgment is one that may be challenged at any time, either directly or collaterally, and the challenge is not subject to forfeiture or other procedural restraints. *People v. Price*, 2016 IL 118613, ¶ 30. Therefore, only the most fundamental defects warrant declaring a judgment void. *Id.* Our supreme court has recognized that a judgment will be deemed void where the judgment was entered by a court that lacked personal or subject matter jurisdiction. *Id.* ¶ 31.

¶ 22    Here, Ritchie contends that the circuit court lacked subject matter jurisdiction to enter the January 27, 2015, order because there was not a sufficient nexus between Delaware and the transactions at issue. Huizenga contends that this issue is barred by *res judicata*.

¶ 23    Under the doctrine of *res judicata*, a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action. *In re B.G.*, 407 Ill. App. 3d 682, 686-87 (2011). *Res judicata* bars not

only what was actually decided in the first action, but also whatever could have been decided. *Id*. Three requirements must be satisfied for *res judicata* to apply: (1) the rendition of a final judgment on the merits by a court of competent jurisdiction; (2) the existence of an identity of cause of action; and (3) the parties or their privies are identical in both actions. *Id*.

¶ 24    We find *Stolfo v. Kindercare Learning Centers, Inc*., 2016 IL App (1st) 142396, to be instructive in this case. In *Stolfo*, an attorney was sanctioned by the trial court in November 2011. *Id.* ¶ 3. The attorney appealed, and this court dismissed the appeal. *Id.* ¶ 8. On October 31, 2013, the attorney filed a section 2-1401 petition seeking to vacate the November 2011 judgment, asserting that it was void because it lacked subject matter jurisdiction. *Id*. ¶ 9-10. The respondents filed a motion to dismiss the petition, arguing that dismissal was warranted under the doctrine of *res judicata*. *Id*. ¶ 13. The trial court granted the respondents' motion and dismissed the attorney's section 2-1401 petition with prejudice. *Id*. ¶ 14. On appeal, this court found:

> "Our June 2012 decision satisfies the requirements for *res judicata*. As that
> decision expressly found that we had appellate jurisdiction and dismissed Stolfo's
> direct appeal as 'frivolous,' that decision was a 'final judgment on the merits by a
> court of competent jurisdiction.' Moreover, there is clearly an identity of the
> cause of action between the direct appeal from the November 2011 judgment and
> Stolfo's section 2-1401 petition, and the identical parties are involved." *Id*. ¶ 27.

¶ 25    In response to Stolfo's argument that *res judicata* was not applicable to allegations of a void judgment, this court found that the decision that had *res judicata* preclusive effect was not the trial court's November 2011 judgment, but rather this court's June 2012 order, which precluded his section 2-1401 petition. *Id*. ¶ 28. This court noted that Stolfo did not cite any case

suggesting that litigants may use a section 2-1401 petition "as a second opportunity to raise arguments that were, or could have been, made in a direct appeal." *Id.* ¶ 29. And that such a result would conflict with our precedent that, " 'consistent with the strong judicial policy favoring finality of judgments, *** a section 2-1401 petition is not to be used as a device to relitigate issues already decided or to put in issue matters which have previously been or could have been adjudicated.' " (citations omitted) *Id.* (quoting *Hirsch v. Optima, Inc.*, 397 Ill. App. 3d 102, 110 (2009)).

¶ 26    Similarly here, *Huzienga I* satisfies the requirements for *res judicata*. It was a decision that was a final judgment on the merits by a court of competent jurisdiction. *B.G.*, 407 Ill. App. 3d at 686-87. There is clearly an identity of the cause of action between the direct appeal from judgment in question, and Ritchie's section 2-1401 petition, and the identical parties are involved. Furthermore, even if the issue was not raised by the parties, this court was required to determine the question of its jurisdiction. *Hamilton v. Williams*, 237 Ill. App. 3d 765, 772 (1992). "Implicit in these rules is the principle that an appellate court's proceeding to the merits of an appeal necessarily contemplates a threshold jurisdictional inquiry and determination." *Id.*

¶ 27    While Ritchie contends that *res judicata* is not applicable to allegations of a void judgment, we note that such a principle is inapplicable to the situation here, as was the case in *Stolfo*, where our earlier decisions have *res judicata* preclusive effect on his section 2-1401 petition. As the argument raised in Ritchie's section 2-1401 petition either was or could have been raised in its unsuccessful direct appeal, we agree with Huizenga that the dismissal of the section 2-1401 petition was proper. See also *In re Marriage of Baumgartner*, 226 Ill. App. 3d 790, 794 (1992) ("Issues which could have been raised *** on direct appeal are *res judicata* and may not be relitigated in [a] section 2-1401 proceeding, which is a separate action and not a

8

continuation of the earlier action). Having disposed of the appeal, it is unnecessary, and indeed improper, to address the subject matter jurisdiction issue on the merits. See *Cooney v. Rossiter*, 2012 IL 113227, ¶ 37.

¶ 28                                    IV. CONCLUSION

¶ 29    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 30    Affirmed.